UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
EASTERN DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 19-091-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DEVONTAE MELVIN COOLEY, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Devontae Cooley has submitted a letter which will be construed as a motion to reconsider the Court's prior § 3582(c) ruling and its denial of the defendant's request for appointment of counsel. He again argues that his asthma and the COVID-19 pandemic are "extraordinary and compelling reasons" that justify a sentence reduction. His letter also includes his medical records. However, the relief requested will be denied.

Courts may review motions to reconsider § 3582(c) rulings under the standards set out in Federal Rules of Civil Procedure 59(e) and 60(b). *United States v. Holland*, 2016 WL 1047929, at \*1 (E.D. Ky. Mar. 15, 2016). Cooley does not indicate which standard entitles him to relief, but a Rule 59(e) request would be untimely. Such a motion must be filed no later than 28 days after entry of the order. *Id.* (citing Fed. R. Civ. P. 59(e)). Here, the Court denied relief on June 19, 2020, and his letter was postmarked September 11, 2020, which is well beyond Rule 59(e)'s deadline. Therefore, the Court will construe his request for relief as a Rule 60(b) motion.

> Relief may be granted under Rule 60(b) where a movant demonstrates:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In this case, Cooley merely reiterates that his asthma and COVID-19 fears warrant release, and he includes medical records confirming that he has asthma. However, this additional evidence does not justify relief under Rule 60(b). Rather, it confirms the Court's ruling on his original motion.

Compassionate release under Section 3582(c)(1)(A) is justified when the "extraordinary and compelling reasons" outlined in Section 1B1.13 of the United States Sentencing Guidelines Manual are demonstrated. One listed reason is the "medical condition of the defendant." U.S.S.G. § 1B1.13 n.1. But as this Court advised Cooley previously, "asthma and COVID-19 fears . . . . do not fit the criteria for 'medical condition of the defendant' or any other category outlined by § 1B1.13." [Record No. 39, at p. 2]; *see also United States v. Cundiff*, 2020 WL 4949692, at *2 (E.D. Ky. Aug. 24, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission")). Accordingly, his motion for reconsideration will be denied.

Finally, the request for appointment of counsel will be denied. "No constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582." *United States v. Clark*, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)). The decision to appoint counsel is within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *Id.* The record in this case is sufficient to resolve all compassionate release-related issues that the defendant raises.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1. Defendant Devontae Cooley's construed motions for reconsideration and for appointment of counsel are **DENIED**.

2. The Clerk of Court is directed to file a copy of Cooley's correspondence in the record.

Dated: September 21, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky