UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 5: 19-091-DCR |
| V. | ) ) ) | |
| DEVONTAE MELVIN COOLEY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Devontae Cooley is currently serving a 37-month term of imprisonment for a violation of 21 U.S.C. § 846, conspiracy to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl. [Record No. 35] He has recently submitted a letter which will be construed as a renewed motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c).[1] The Court previously denied a compassionate-release motion and motion for reconsideration. [Record Nos. 39, 43] In his current request, Cooley again argues that his medical conditions are "extraordinary and compelling reasons" that justify a sentence reduction because of the ongoing COVID-19 pandemic. Because he has still not demonstrated extraordinary and compelling reasons justifying release, his motion will again be denied.

Section 3582(c)(1)(A) allows a sentencing court to reduce a sentence previously imposed if "three substantive requirements" are satisfied. *United States v. Ruffin*, 98 F.3d

---

[1] Citations to Cooley's letter, which will be filed in the record contemporaneously with this Order, are styled as: [Letter, p. 1].

- 1 -

1000, 1004 (6th Cir. 2020).[2]  These include whether (1) "'extraordinary and compelling reasons' warrant a reduction"; (2) "the reduction is consistent with the applicable policy statements issued by the Sentencing Commission"; and (3) "the [18 U.S.C.] § 3553(a) factors, to the extent they apply, support the reduction."  *United States v. Brummett*, No. 20-5626, 2020 WL 5525871 (6th Cir. Aug. 19, 2020).  As a general matter, a Court "may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking . . . ."  *United States v. Elias*, No. 20-3654, --- F.3d ----, 2021 WL 50169 (slip op. at 4) (6th Cir. Jan. 6, 2021).

Cooley argues that "the old policy statement [is] no longer applicable to compassionate release requests filed by inmates today."  [Letter, p. 3]  However, while the policy statement definitions are no longer binding in the present situation, *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020), a Court may still utilize the policy statement and definitions if it determines that they are useful in resolving a matter.  And they are useful here.  Accordingly, the Court reviews Cooley's motion "within the framework provided by the application notes to Section 1B1.13 of the United States Sentencing Guidelines."  *United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020).  As relevant here, they state:

> (A) **Medical Condition of the Defendant.**—
>
> > (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory).  A specific prognosis of

---

[2]  A prisoner may file a motion for a sentence reduction "after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier."  *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Cooley has not provided evidence that he has satisfied this burden.  However, because the government has not yet invoked this mandatory claims-processing rule, the Court will proceed to address his motion on the merits.

> life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>> (I) suffering from a serious physical or medical condition,
>> (II) suffering from a serious functional or cognitive impairment, or
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1(A). For a medical condition to fall meet this definition, it must be "so serious that it cannot be adequately addressed in BOP custody." *Abney*, 2020 WL 7497380, at *2.

Cooley alleges that five factors that place him at risk for serious illness should he contract COVID-19: severe asthma, obesity, hypertension, past cigarette use, and his race. [Letter, pp. 1–2] His medical records confirm that he suffers from asthma, obesity, and hypertension. [Letter, pp. 17–30] And based on those records, he suffers from some conditions that may place him at an increased risk for severe illness from COVID-19.[3] Cooley argues that the risk associated with these conditions, and not the conditions themselves, justify release.

Despite the above claims, Cooley has not demonstrated that his current conditions are unmanageable or that they have been inadequately treated in BOP custody. Additionally, he does not contend that he currently suffers from an unmanageable case of COVID-19. He

---

[3] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated December 29, 2020).

instead asks the Court to conclude that risk of a potential, future illness is "extraordinary and compelling" on its own.[4] While his concerns are legitimate, this general risk is insufficient to justify early release from prison. Accordingly, the undersigned concludes that Cooley has not demonstrated "extraordinary and compelling reasons" justifying release.

But even if Cooley could demonstrate "extraordinary and compelling reasons," his original sentence is supported by the relevant sentencing factors in 18 U.S.C. § 3553(a). Those factors include "the nature of the offense, the characteristics of the defendant, and numerous penological objectives." *Jones*, 980 F.3d at 1114. Cooley makes two main arguments regarding the sentencing factors: (1) that prison lockdowns and the risk of COVID-19 have increased the punitive nature of his period of imprisonment; and (2) that his family and friends will support his planned efforts to receive employment. [Letter, pp. 7–11] However, these arguments do not outweigh the factors supporting his original sentence. Cooley pleaded guilty to conspiracy involving 128.752 grams of a mixture containing fentanyl and heroin. Additionally, his criminal history includes multiple instances of weapons possession. After considering these and the other Section 3553(a) factors, a sentence at the bottom end of the guideline range was imposed. Cooley's sentence continues to reflect the seriousness of his offense, the need to deter future potential criminal conduct, and the need to protect the public from future criminal activity. Accordingly, as was the case in his first compassionate-release motion, Cooley has not met the requirements for relief under Section 3582(c).

---

[4] The BOP is presently working with the Center for Disease Control and Prevention and a public-private partnership established by the federal government, known as Operation Warp Speed, to ensure that the BOP remains prepared to administer the COVID-19 to inmates as soon as it is available. The Court has been advised that, as of January 4, 2021, doses of vaccine have been delivered to 48 BOP facilities in various regions of the country.

- 5 -

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1. Defendant Devontae Cooley's motion for a sentence reduction is **DENIED**.

2. The Clerk of Court is **DIRECTED** to file a copy of Cooley's correspondence in the record of this proceeding.

Dated: January 12, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky